UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **TERESA GRIFFIN**, an individual, | CASE NO.: |
| Plaintiff, | |
| vs. | <u>**JURY TRIAL DEMANDED**</u> |
| **AMERICOLLECT, INC.,** **TRANS UNION, LLC**, and **EQUIFAX INFORMATION SERVICES, LLC**, | |
| Defendants. | |
| _____/ | |

<u>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

**COMES NOW**, the Plaintiff, Teresa Griffin ("Mrs. Griffin" or Plaintiff), by and through her undersigned counsel, and brings this action against the Defendants, Americollect, Inc. ("Americollect"), Trans Union, LLC ("Trans Union"), and Equifax Information Services, LLC ("Equifax") and in support alleges as follows:

<u>**INTRODUCTION**</u>

1. This is an action brought by a consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. ch. 41 § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S. Code § 1692 *et seq.* ("FDCPA").

2. Plaintiff is seeking the remedies she is entitled under the above-listed statute for an ongoing course of action by Defendants by inaccurate credit reporting of a debt that had not gone to collections and was in fact, paid.

1

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges federal claims and requires the resolution of substantial question of federal law.

4. Moreover, this case is a civil action arising under the law of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

5. In addition, the Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d).

6. Venue in this District is proper because this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Venue is also proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here pursuant to the FCRA, 15 U.S.C. § 1681p.

## PARTIES

7. At all times material hereto, Plaintiff was a natural person and resident of St. Johns County, Florida.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA ) and 15 U.S.C. § 1692a(3).

9. At all times material hereto, the Defendant Americollect, Inc. was and is a national debt collection company known for its "ridiculously nice collections," duly licensed to transact business in the State of Florida, with a principal address of 1851 S Alverno Rd, Manitowoc, WI 54221-1566, and lists its registered agent as Incorp. Services, Inc., 17888 67th Court North Loxahatchee, FL 33470. *See* Americollect | Ridiculously Nice Collections, *http://www.americollect.com/*.

10. Defendant Americollect is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

11. Defendant Americollect is and was a "debt collector" as defined by the 15 U.S.C.A. § 1692a(6).

12. Defendant Trans Union is a Delaware corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661 and is subject to the jurisdiction of this Court.

13. At all times material Defendant Trans Union is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

14. Defendant Equifax is a Georgia corporation with its principal place of business located at 1550 Peachtree Street, NW, H-46, Atlanta, GA 30309 and is subject to the jurisdiction of this Court.

15. At all times material Defendant Equifax is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

**BACKGROUND AND GENERAL ALLEGATIONS**

16. Beginning in 2014, Plaintiff found that she had a tumor on her pituitary gland which needed immediate surgery. Although the surgery was successful, Plaintiff has needed semi-annual MRIs to confirm that this tumor does not return.

17. For these annual MRIs, Plaintiff received her imaging through MBB Radiology in Jacksonville, FL ("MBB"). These MRIs began in 2014.

18. MBB would bill Mrs. Griffin monthly, and Mrs. Griffin paid the bills on time. However, due to the semi-annual nature of the MRIs, Mrs. Griffin began receiving multiple bills from the radiology clinic for the previous imaging.

19. In response to the multiple bills, Mrs. Griffin called and spoke with the billing department at MBB who then combined the multiple imaging bills into a single account.

20. Mrs. Griffin paid this account off in full in November 2017. *See Exhibit A.*

21. At no point did Mrs. Griffin's accounts with MBB Radiology go into collections nor was she delinquent after these accounts merged into a single account.

22. On or about December 2018, Plaintiff checked her credit reports from Experian, Trans Union, and Equifax, finding that the following information was listed as a collection account:

| | |
|---|---|
| **Collection Agency:** | AMERICOLLECT, INC. |
| **Account:** | 2657920 |
| **Original Creditor Name:** | MBB Radiology |
| **Date Assigned:** | October 1, 2014 |
| **Amount Owed:** | $151.00 |
| **Date of First Delinquency:** | 08/31/2014 |
| **Last Reported:** | 11/27/2018 |

23. Plaintiff was confused and irritated, as she had paid off all her debts with MBB Radiology and had nothing outstanding, after combining her accounts with the help of MBB.

24. This Americollect, Inc. collections account had no reason to be on her credit report, as nothing had been owed from MBB Radiology and this resulting account was the only negative entry on her credit report. *See relevant credit report portions attached as Exhibit B.*

25. On or about December 12, 2018, Plaintiff submitted a dispute letter (hereinafter "First Dispute Letter") via certified mail to Experian, Equifax, and Trans Union disputing Americollect, Inc.'s reporting. Please see attached a true and correct copy of the "First Dispute Letter" as ***Exhibit C***.

26. After receiving the First Dispute Letter, Experian removed the information, but Defendants, Equifax and Trans Union did not remove the false Americollect account.

27. After receiving Plaintiff's first dispute letter, upon information and belief, Defendants, Equifax and Trans Union did not notify Defendant Americollect of Plaintiff's dispute of the account.

28. Upon information and belief, Defendants, Equifax and Trans Union failed to conduct a reasonable investigation of the accounts.

29. On or about January 22, 2019, Plaintiff sent a second dispute letter to Equifax and Trans Union to dispute the same account ("Second Dispute Letter"). ***See Exhibit D, Second Dispute.***

30. After receiving Plaintiff's Second Dispute Letter, upon information and belief, Defendants, Equifax and Trans Union did not notify Defendant Americollect of Plaintiff's dispute of the account.

31. After receiving the First Dispute Letter, Defendants, Equifax and Trans Union did not remove the account.

32. After receiving Plaintiff's Second Dispute Letter, upon information and belief, Defendants, Equifax and Trans Union did not notify Americollect regarding the dispute.

33. Upon information and belief, Defendants, Equifax and Trans Union failed to conduct a reasonable investigation of the Americollect Account.

34. As of the date of this Complaint, Defendants, Equifax and Trans Union have continued to improperly report the Americollect account.

35. When Plaintiff disputed the account, Defendant Equifax was required to perform a reinvestigation; however, the Defendant did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

36. When Plaintiff disputed the account, Defendant Trans Union was required to perform an reinvestigation; however, the Defendant did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

37. When Plaintiff disputed the account, Defendant Americollect was required to perform a reinvestigation; however, Defendant Americollect continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA and despite the loan modification and other documentation at its disposal.

38. As a result of Defendants' actions, Plaintiff has suffered emotional distress, anxiety, inconvenience, frustration, annoyance, waste of time, and confusion.

39. As a result of Defendants' credit reporting of this improper account on Plaintiff's credit reports, Plaintiff's credit score was reduced.

40. Plaintiff retained undersigned counsel for purpose of pursing this matter against Defendants and Plaintiff is obligated to pay her attorney a reasonable fee for his services.

41. For purposes of the claims brought in this action, the applicable standard under the FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test. *See. Jeter v. Credit Bureau, Inc.*760 F.2d 1168 at1172-75(11th Cir. 1985) (adopting the test enunciated in

*Exposition Press Inc. v. FTC,* 295 F.2d 869 (2d Cir. 1961)). The principles underlying the FDCPA must be implemented for "the public-that vast multitude which includes the ignorant, the unthinking, and the credulous." Id. at 1172-73 (quoting in part *Fed. Trade Comm'n v. Standard Educ. Society*, 302 U.S. 112, 116, 58 S.Ct. 113 82 L.ed. 141 (1937)).

42. All necessary conditions precedent to the filing of this action occurred or Defendants have waived.

## COUNT I
## CLAIMS AGAINST DEFENDANT AMERICOLLECT
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

43. Plaintiff incorporates Paragraph 1-42 above as if fully stated herein.

44. Defendant Americollect has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

45. Specifically, Americollect violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

46. Further, Americollect violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

7

47. Following the reinvestigation and dispatch of direct notice to Americollect, who failed to notify the consumer reporting agencies to whom it reported credit information that information was disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

48. Americollect's reinvestigation was not conducted in good faith.

49. Americollect's reinvestigation was not conducted reasonably.

50. Americollect's reinvestigation was not conducted using all information reasonably available to Americollect.

51. Americollect's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report.

52. Americollect's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

53. As a result of Americollect's conduct, actions, and inactions, Plaintiff has suffered emotional distress, irritation, mental anguish, waste of time, and damage to her creditworthiness.

54. Americollect's conduct, action and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

55. Plaintiff is entitled to recover costs and attorney fees from Defendant AMERICOLLECT in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Americollect:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For punitive damages;

e) For attorney's fees and costs incurred in this action;

f) For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g) For such other and further relief as the Court may deem just and proper.

## COUNT II
### CLAIMS AGAINST DEFENDANT AMERICOLLECT FOR VIOLATIONS OF THE FDCPA

56. Plaintiff, repeats and re-alleges each and every allegation contained in paragraphs 1 through 42 above as if fully set forth herein.

57. This is an action seeking relief for violation of the FDCPA to recover statutory and actual damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and the costs of this action under 15 U.S.C.A. § 1692k(a)(3).

58. The improper reporting on Plaintiff's credit report by Defendant is a "communication" as that term is defined by 15 U.S.C. § 1692a(2). At all material times herein, Plaintiff's debt was a consumer debt as defined by the FDCPA, 15 U.S.C.A. § 1692a(5).

59. At all material times herein, Plaintiff was a "consumer" as defined by the FDCPA, 15 U.S.C.A. § 1692a(3).

60. At all material times herein, Defendant Americollect was a "debt collector" as defined by the 15 U.S.C.A. § 1692a(6).

61. By reporting a collection account Plaintiff, Defendant attempted to collect a debt and represented to those reading the credit report that it had a legitimate debt to collect on when in fact, no debt properly existed. This conduct violates 15 U.S.C. § 1692e(8), which prohibits the "[c]ommunicating or threatening to communicate to any personal credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

62. As a direct and proximate result of Defendant's FDCPA violations, Plaintiff has been harmed. Plaintiff, is entitled to statutory damages, actual damages including emotional damages and any money paid to Defendant on the improper debt under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

63. For the purpose of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985).

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Americollect:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For punitive damages;

10

e) For attorney's fees and costs incurred in this action;

f) For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g) For such other and further relief as the Court may deem just and proper.

## COUNT III
## CLAIMS AGAINST DEFENDANT TRANS UNION
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

56. Plaintiff incorporates Paragraph 1-42 above as fully stated herein.

57. Defendant Trans Union willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

58. Defendant Trans Union willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

59. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e (b).

60. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

61. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

62. Defendant Trans Union negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

63. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

64. In response to the request for reinvestigation, Defendant Trans Union improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

65. Defendant Trans Union has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

66. Defendant Trans Union's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

67. Defendant Trans Union's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant Trans Union is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

68. Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant Trans Union:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For attorney's fees and costs incurred in this action;

e) For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the

inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f) For such other and further relief as the Court may deem just and proper.

## COUNT IV
## CLAIMS AGAINST DEFENDANT EQUIFAX
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

69. Plaintiff incorporates Paragraph 1-42 above as fully stated herein.

70. Defendant EQUIFAX willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

71. Defendant Equifax willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

72. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681e (b).

73. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

74. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

75. Defendant Equifax negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

76. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

77. In response to the request for reinvestigation, Defendant Equifax improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

78. Defendant Equifax has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

79. Defendant Equifax's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

80. Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant Equifax is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

81. Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant Equifax:

    a) For actual damages;

    b) For compensatory damages;

    c) For statutory damages;

    d) For attorney's fees and costs incurred in this action;

    e) For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

    f) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## SPOILATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and its affiliates safeguard all relevant evidence – paper, electronic documents, or date – pertaining to this litigation as required by law.

Dated this 14th of March, 2019.

**MAX STORY, P.A.**
/s/ Max Story
MAX STORY, ESQ.
Florida Bar No.: 527238
AUSTIN J. GRIFFIN, ESQ.
Florida Barn No.: 117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Telephone: (904) 372-4109
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff